IN RE APPEAL OF STERLING DIAGNOSTIC IMAGING, INC.

[132 N.C. App. 393 (1999)]

IN THE MATTER OF THE APPEAL OF: STERLING DIAGNOSTIC IMAGING, INC. FROM THE APPRAISAL OF REAL PROPERTY BY TRANSYLVANIA COUNTY FOR 1997

No. COA98-538

(Filed 16 February 1999)

**Taxation— appeal to Property Tax Commission—statement of claim—adequate**

An appeal to the North Carolina Property Tax Commission, sitting as the State Board of Equalization and Review, was erroneously dismissed for failure to state a claim where the taxpayer asserted that the valuation was erroneous, arbitrary and illegal because it did not reflect true value, it was the result of an arbitrary or illegal appraisal method, it substantially exceeded true value, it failed to address the factors impacting the value of real property under N.C.G.S. § 105-317, it was premised on clerical, mathematical and/or appraisal errors, and it failed to properly adjust the value of the property based on its physical condition and layout as well as its economic and functional obsolescence. The taxpayer adequately stated a claim under N.C.G.S. § 105-287.

Appeal by taxpayer from order entered 25 March 1998 by the North Carolina Property Tax Commission, sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 6 January 1999.

*Hunton & Williams, by Jean Gordon Carter, Christopher G. Browning, Jr., and Albert Diaz, for taxpayer-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Charles C. Meeker, for Transylvania County-appellee.*

PER CURIAM.

This appeal concerns the 1997 real property tax valuation of a manufacturing facility owned by Sterling Diagnostic Imaging, Inc. ("Sterling") and located in Transylvania County ("the County"). Sterling appealed the valuation to the County Board of Equalization and Review ("the Board") pursuant to section 105-287 of the North Carolina General Statutes. The Board denied Sterling's request to reduce the valuation, and Sterling appealed the decision to the North

### IN RE APPEAL OF STERLING DIAGNOSTIC IMAGING, INC.

[132 N.C. App. 393 (1999)]

Carolina Property Tax Commission ("the Commission"), sitting as the State Board of Equalization and Review. The County filed a motion to dismiss the appeal on the ground that "Sterling's pleadings fail to state a claim upon which relief can be granted." Following a hearing, the Commission granted the County's motion.

After reviewing the record and briefs and after hearing oral arguments, we conclude that the allegations in Sterling's pleadings were sufficient to state a claim for relief under section 105-287 of the General Statutes.

A taxpayer requesting modification of a tax valuation in a non-reappraisal year must allege that a justifiable cause under section 105-287 exists. *MAO/Pines Assoc. v. New Hanover County Bd. of Equalization*, 116 N.C. App. 551, 558, 449 S.E.2d 196, 200 (1994). Section 105-287 states that the tax assessor shall adjust a valuation to:

(1) Correct a clerical or mathematical error[;]

(2) Correct an appraisal error resulting from a misapplication of the schedules, standards, and rules used in the county's most recent general reappraisal or horizontal adjustment[; or]

. . .

(3) Recognize an increase or decrease in the value of the property resulting from a factor other than . . . [n]ormal, physical depreciation of improvements[,] [i]nflation, deflation, or other economic changes affecting the county in general[.]

N.C. Gen. Stat. § 105-287(a),(b) (1997).

In its Application for Hearing before the Commission, Sterling asserted that the 1997 valuation was erroneous, arbitrary and illegal because (1) it did not reflect true value; (2) it was the result of an arbitrary or illegal appraisal method; (3) it substantially exceeded true value; (4) it failed to address the factors impacting the value of real property under section 105-317 of the North Carolina General Statutes; (5) it was premised on certain clerical, mathematical and/or appraisal errors; and (6) it failed to properly adjust the value of the property based on its physical condition and layout, as well as its economic and functional obsolescence. Sterling adequately stated a claim under section 105-287 of the General Statutes, and the Commission erred in dismissing Sterling's appeal.

**IN RE APPEAL OF STERLING DIAGNOSTIC IMAGING, INC.**

[132 N.C. App. 393 (1999)]

For the foregoing reasons, the order dismissing Sterling's appeal is reversed and this matter remanded to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

Panel consisting of:

LEWIS, WALKER, and TIMMONS-GOODSON, JJ.